Opinion for the Court filed by Senior Circuit Judge EDWARDS.
Concurring Statement filed by Senior Circuit Judge EDWARDS, with whom Senior Circuit Judge SILBERMAN joins.
Dissenting opinion filed by Circuit Judge BROWN.
EDWARDS, Senior Circuit Judge:
Appellant pled guilty to maintaining a crack house, in violation of 21 U.S.C. § 856(a)(2), and to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced him to a 97-month term of imprisonment under U.S. S.G. § 2D1.8(a)(l), a provision of the United States Sentencing Guidelines (“Guidelines”) that imposes a substantially higher base offense level for persons convicted of maintaining a drug establishment who are also found to have participated in the underlying drug crime.
Appellant now challenges this sentence, arguing both that the District Court erred in applying § 2D1.8(a)(l) to calculate his base offense level, because there was insufficient evidence in the record that he actually “participated” in the underlying drug offense, and that his sentence is substantively unreasonable. In addition, appellant requests that we remand his case for resentencing in light of recent amendments to the Guidelines that decrease the base offense levels for certain crack cocaine offenses.
The parties suggest that, because he never objected to the District Court that the evidence was insufficient to support its reliance on § 2D1.8(a)(l), appellant’s claim on appeal must be reviewed only for plain error under United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and its progeny. We need not reach this issue, because the District Court in this case made no findings on appellant’s participation in the underlying drug offense. The Presentence Investigation Report (“PSR”) contained no factual findings on appellant’s participation in the underlying drug offense; the trial judge offered no findings on this crucial issue; and appellant’s participation cannot be inferred from the sparse record under review on *843 appeal. In these circumstances, we are constrained to remand the case to allow the District Court to determine in the first instance whether the Government carried its burden at sentencing and proved participation by a preponderance of the evidence. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92 & n. 22, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (remand appropriate where district court altogether fails to make findings or fails to make findings with respect to a material issue).
On remand, if appellant files a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence, the District Court should also consider in the first instance the applicability of the recent amendments to the Guidelines relating to base offense levels for crack cocaine offenses. Finally, because we remand for resentencing, we do not reach appellant’s challenge to the substantive reasonableness of his sentence.
I. Background
On August 30, 2004, appellant was charged by information with maintaining a crack house, in violation of 21 U.S.C. § 856(a)(2), and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On September 13, 2004, appellant pled guilty to both counts pursuant to a written plea agreement.
The proffer of facts supporting appellant’s guilty plea is simple and straightforward. On June 4, 2003, officers of the Metropolitan Police Department executed a search warrant at an apartment leased by appellant. Though appellant shared the apartment with his co-defendant, the two men had separate bedrooms. Upon entering the apartment, the officers found the co-defendant trying to step into the closet of his bedroom. The officers’ search of the co-defendant’s bedroom closet revealed 35.3 grams of crack cocaine, a loaded Ruger .40 caliber semiautomatic handgun, $676 in cash, a digital scale, identifying documents, mail, a wallet, and a white plate with white rock residue. In the dining room of the apartment, the officers found a Pyrex measuring cup containing a white substance and a box of rubber gloves. In appellant’s bedroom, the officers found a triple-beam scale, a loaded Beretta 9-mm semiautomatic handgun, a box of 9-mm ammunition, 63.25 grams of marijuana, empty Ziploc bags, and Ziploc bags containing green, weed-like material. A search of appellant turned up $545 in cash. Appellant’s fingerprints were later lifted from the plate with the white rock residue found in his co-defendant’s bedroom closet.
At the plea hearing, appellant admitted that the factual proffer was accurate. He also admitted that he knew that crack was present in his apartment and that he allowed the crack to be stored there. Plea H’rg Tr. at 30 (Sept. 13, 2004), reprinted in Appellant’s Appendix (“App.”) at Tab 1.
Relying on the 2005 edition of the United States Sentencing Commission Guidelines Manual, the PSR prepared by the probation office calculated appellant’s base offense level under U.S.S.G. § 2D1.8(a), the section of the Guidelines that governs convictions for maintaining a drug establishment under 21 U.S.C. § 856(a)(2). For a defendant who also participated in the underlying drug offense, § 2D1.8(a)(l) advises the sentencing court to use the offense level for the relevant drug type and quantity from U.S.S.G. § 2D1.1. See U.S.S.G. § 2D1.8(a)(l). The guideline further advises that the offense level from § 2D1.1 should be reduced by four levels and capped at level 26 if the defendant “had no participation in the underlying controlled substance offense other than allowing use of the premises.” U.S.S.G. § 2D1.8(a)(2). Although the PSR contained no factual findings on appellant’s participation in the underlying drug of *844 fense, it applied § 2D1.8(a)(l) and recommended a base offense level of 30. See U.S.S.G. § 2Dl.l(c)(5) (prescribing base offense level of 30 for at least 35 grams of cocaine base). The PSR recommended increasing the offense level by two levels under § 2Dl.l(b)(l), because appellant possessed a gun in connection with a drug offense. The PSR also recommended a two-level decrease for acceptance of responsibility under U.S.S.G. § 3El.l(a), resulting in a total offense level of 30. Given appellant’s criminal history category of III, the applicable Guidelines range was 121 to 151 months. After reviewing the PSR, appellant’s counsel filed several sentencing memoranda with the District Court, in which he requested that appellant’s offense level be determined in accordance with the Guidelines for powder cocaine, rather than by applying the 100-to-one drug quantity ratio between crack and powder cocaine then prescribed by § 2D1.1.
At the April 19, 2006 sentencing hearing, the District Court accepted the PSR. See Sentencing H’rg Tr. at 4-5, 32-33 (Apr. 19, 2006), App. at Tab 2. However, the District Court made no mention of § 2D1.8(a)(l) and made no factual findings on appellant’s participation in the underlying drug offense. Instead, the trial judge offered the following observations:
Letting someone use your apartment to cook and store crack cocaine for sale was no benign offense. That conduct helped keep the most vulnerable and helpless among us strung out on poison. And keeping a loaded semiautomatic pistol in a crack house did nothing to promote a safe environment.... However, it is true that you committed no act of violence[,] you did not deploy or brandish the pistol, and you did not use it here in connection with pedaling [sic] crack.
Id. at 33. After weighing the factors to be considered in imposing a sentence, see 18 U.S.C. § 3553(a), the District Court sentenced appellant to 97 months of imprisonment. Id. at 30-36.
II. Analysis
A. Standard of Review
Following the Supreme Court’s decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Gall v. United States, — U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), appellate courts review sentences under an abuse-of-discretion standard and set aside sentences found to be “unreasonable.” Booker, 543 U.S. at 261-63, 125 S.Ct. 738; Gall, 128 S.Ct. at 597. This review proceeds in two steps. First, the court must ensure that the district court committed no procedural error, “such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.” Gall, 128 S.Ct. at 597. Once the appellate court determines that a sentence is procedurally sound, it reviews the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id.; see also United States v. Gardellini, 545 F.3d 1089, 1092-93 & n. 2 (D.C.Cir.2008).
In applying the clearly erroneous standard, an appellate court must remain mindful that
judicial findings of fact are presumptively correct. See Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 500, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). This presumption “recognizes and rests upon the unique opportunity afforded the trial court judge to evaluate the credibility of witnesses and to weigh *845 the evidence,” Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982), the comparative expertise of trial and appellate judges, and the cost of duplicative appellate decisionmaking, Anderson v. Bessemer City, 470 U.S. 564, 574-75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Pursuant to this presumption, a finding of fact will not be overturned as “clearly erroneous” unless, “although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Id. at 573, 105 S.Ct. 1504.
HaRRY T. Edwards & Linda A. Elliott, Federal Standards of Review — Review of DistriCt Court Deoisions and Agenoy Actions 62 (2007). “However, when a district judge altogether fails to make findings or fails to make findings with respect to a material issue, appellate courts normally vacate the judgment and remand for the judge to make those findings.” Id. at 63.
“[Fjactfinding is the basic responsibility of district courts, rather than appellate courts, and ... the Court of Appeals should not ... resolve[ ] in the first instance [a] factual dispute which had not been considered by the District Court.”
Pullman-Standard, 456 U.S. at 291-92, 102 S.Ct. 1781 (second and third alterations added) (citation omitted).
The question that we face in this case is whether the District Court judge made factual findings on appellant’s participation in the underlying drug offense sufficient to survive appellate review. Because, as we explain in the following sections, there are no such findings and we can infer none, we are obliged to remand the case to the trial court for appropriate findings.
B. Appellant’s Challenge to the Sufficiency of the Evidence Supporting the District Court’s Reliance on § 2D1.8(a)(l)
Appellant contends that his sentence should be reversed for two principal reasons: First, the District Court made no factual finding that appellant participated in the underlying controlled substance offense; and, second, the record is insufficient to support a finding of participation. Appellant thus contends that the District Court erred in applying § 2D1.8(a)(l) to calculate his base offense level.
The parties have briefed and argued the question of who bears the burden of proof under § 2D1.8(a). Appellant contends that the Government carries the burden of proving participation under § 2D1.8(a)(l). The Government, in turn, argues that when non-participation is at issue under § 2D1.8(a)(2), the defendant bears the burden of proving non-participation because it is a mitigating factor in sentencing. As explained in Part II.B.2 infra, we hold that remand is necessary in this case because the District Court failed to make any finding on appellant’s participation or non-participation. Because the District Court will be required to apply the correct legal standard in its factfinding on remand, we first address the matter of the burden of proof. See, e.g., United States v. Barry, 938 F.2d 1327, 1333-37 (D.C.Cir.1991) (determining in the first instance the correct legal standard to be applied by the district court on remand); see. also United States v. Hart, 324 F.3d 740, 750-51 (D.C.Cir.2003) (stating the correct legal standard to be applied by the district court and remanding the case because appellate court could not determine whether district court had applied the correct legal standard); United States v. McCoy, 242 F.3d 399, 410 (D.C.Cir.2001) (same). After addressing the burden of *846 proof issue, we explain why this case must be remanded for further factfinding.
1. Section 2Dl.8(a) and the Participation Requirement
Section 2D1.8 of the November 1, 2005 Sentencing Guidelines provides:
(a) Base Offense Level:
(1) The offense level from § 2D1.1 applicable to the underlying controlled substance offense, except as provided below.
(2) If the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises, the offense level shall be 4 levels less than the offense level from § 2D1.1 applicable to the underlying controlled substance offense, but not greater than level 26.
The criminal statute to which appellant pled guilty, 21 U.S.C. § 856(a)(2), does not require the Government to prove a defendant’s participation in the underlying offense as an element of the crime. The plain language of the applicable Guideline, however, requires a finding of such participation for the higher offense level in § 2D1.8(a)(l) to apply. Because, under the Guidelines, the fact of participation enhances a defendant’s sentence, the Government bore the burden of proving participation under § 2D1.8(a)(l) by a preponderance of the evidence. See United States v. Price, 409 F.3d 436, 444 (D.C.Cir.2005) (government “carries the burden of proving any facts that may be relevant in sentencing”); United States v. Washington, 115 F.3d 1008, 1010 (D.C.Cir.1997) (“The burden is on the government to prove facts in support of a sentence enhancement by a preponderance of the evidence.”); United States v. Burke, 888 F.2d 862, 869 (D.C.Cir.1989) (noting that “insofar as [a Guidelines provision] relates to a matter that would enhance the defendant’s sentence, the burden of proof is on the prosecution to satisfy the factual prerequisites of the provision”).
The Government does not dispute that it carried the burden of proving appellant’s participation under § 2D1.8(a)(l); nor does the Government doubt that proof of participation would necessarily refute any claim of non-participation. Rather, the Government advances the somewhat perplexing argument that, because a defendant generally bears the burden of proof on mitigating factors at sentencing, appellant bore the burden of proving non-participation under § 2D1.8(a)(2). Appellee’s Br. at 11-13. See United States v. Riley, 376 F.3d 1160, 1171 (D.C.Cir.2004) (“It is the defendant [who] bears the burden of proving by a preponderance of the evidence that he is eligible for a downward departure[.]”) (quotation marks and citation omitted); United States v. White, 1 F.3d 13, 18 (D.C.Cir.1993) (“The defendant ‘properly bears the burden of proof under those sections of the Guidelines that define mitigating factors.’ ”) (quoting Burke, 888 F.2d at 869 n. 10).
The Government’s argument is specious, especially given that it does not dispute that the prosecution is obliged to prove participation without regard to whether § 2D1.8(a)(2) is a mitigating factor. It is not correct, as our dissenting colleague suggests, that the District Court’s obligation to make a factual finding about participation “arguably arises only when the defendant invokes [§ 2D1.8(a)(2)] and offers supporting evidence.” Because participation is an element of the sentence, and the Government “carries the burden of proving any facts that may be relevant in sentencing,” Price, 409 F.3d at 444, the District Court must make the necessary factual findings to determine whether the Government has carried its burden of proof. It makes no difference whatsoever whether the defendant invokes *847 § 2D1.8(a)(2) — the Government cannot seek a sentence based on § 2D1.8(a)(l) unless it first proves participation.
Furthermore, § 2D1.8(a) by its plain terms provides for a base offense level, not a mitigating departure. The section is titled “Base Offense Level” and advises the sentencing court either to import the “offense level” from § 2D1.1 if the defendant also participated in the underlying drug offense, or to reduce that “offense level” if the defendant “had no. participation.” U.S.S.G. § 2D1.8(a)(l), (2). See United States v. Leasure, 319 F.3d 1092, 1098 (9th Cir.2003) (“[B]ecause the purpose of § 2D1.8 is to establish a defendant’s base offense level, the government must prove the fact of participation[.]”).
The Tenth Circuit’s decision in United States v. Dickerson, 195 F.3d 1183 (10th Cir.1999), upon which the Government relies, does not persuade us to the contrary. There, the court held that a defendant has the burden of proving non-participation under § 2D1.8(a)(2) because “subsection (a)(1) effectively presumes that a defendant personally participated in the underlying controlled substance offense.” Dickerson, 195 F.3d at 1189, 1190. First, neither the plain language of the Guideline nor the commentary creates such a presumption of participation. See U.S. SENTENCING GüIDELINES MáNÜAL § 2D1.8 cmt. n. 1 (2005). Second, the fact of participation enhances a defendant’s sentence based on uncharged, unproven conduct; it is clear that such a fact may not be “presumed” true, but must instead be proven by the Government by a preponderance of the evidence. See, e.g., Washington, 115 F.3d at 1010 (“The burden is on the government to prove facts in support of a sentence enhancement by a preponderance of the evidence.”).
2. The Need to Remand the Case for Further Factfinding
The Government argues in the alternative that there was sufficient evidence in the record from which the District Court could have concluded that it met its burden of proving that appellant actually participated in the underlying offense. In particular, the Government points to several pieces of evidence from the factual proffer, including the plate with white rock residue containing appellant’s fingerprints that officers found in his co-defendant’s closet as well as the drug paraphernalia and gun found in the shared dining room and appellant’s bedroom. Appellee’s Br. at 14-17. The problem here is that the District Court made no findings of fact on participation. We can only speculate as to what the trial judge might have concluded from the evidence had such findings been made. The District Court’s only comments on appellant’s conduct concerned the charged offense of maintaining a crack house. See Sentencing H’rg Tr. at 33 (“Letting someone use your apartment to cook and store crack cocaine for sale was no benign offense.”). If anything, these comments might be seen to suggest that appellant did not participate in a crack offense in any way beyond allowing others to store crack at his apartment. See id. (“[Y]ou committed no act of violence[,] you did not deploy or brandish the pistol, and you did not use it here in connection with pedaling [sic] crack.”) (emphasis added).
The Government suggests that we can infer the facts necessary to conclude that the District Court implicitly found that appellant participated in the underlying offense. See, e.g., United States v. Mastropierro, 931 F.2d 905, 906-07 (D.C.Cir.1991) (inferring facts to support District Court’s implicit factual finding at sentencing). We will not follow that approach here. The District Court’s utter silence on *848 the participation question is reason enough to give us pause. More important, however, is the Supreme Court’s admonition in Pullmarir-Standard: “Where the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made[.]” 456 U.S. at 292 n. 22, 102 S.Ct. 1781 (citation omitted). Indeed, even when a trial court’s findings are set aside on an error of law, “the court of appeals is not relieved of the usual requirement of remanding for further proceedings to the tribunal charged with the task of factfinding in the first instance.” Id. at 293, 102 S.Ct. 1781.
Without explicit findings, we cannot conclude with any certainty that the District Court was aware of the participation requirement in § 2D1.8(a)(l) or that it employed the correct legal standard in determining appellant’s sentence. Where, as here, the evidence points to no clear conclusion on appellant’s alleged participation, we will not infer it. Rather, the case must be remanded to allow the trial judge to make appropriate findings that are susceptible to appellate review should the appellant again seek review in this court. See McCoy, 242 F.3d at 410 (remanding case for district court to determine applicability of sentencing enhancement because “on the record before us we cannot conclude with confidence that it employed the correct legal standard in applying the ... enhancement”); cf. United States v. Hutchinson, 268 F.3d 1117, 1118 (D.C.Cir.2001) (remanding case for further factfinding, because the trial judge had failed to make findings of fact essential to decide the issue on review).
III. Conclusion
On remand, the District Court should determine, on the existing record, whether the Government met its burden of proving by a preponderance of the evidence that appellant participated in the underlying offense. If the District Court determines that the Government did meet its burden, then appellant will be free to seek review of the District Court’s factual findings on participation. During the proceedings on remand, appellant may file a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence in light of the recent amendments to the Guidelines that lower the base offense levels for certain crack cocaine offenses. Finally, because we remand for resentencing, we will not consider appellant’s challenge to the substantive reasonableness of the sentence ultimately imposed by the District Court at this time. See In re Sealed Case, 527 F.3d 188, 190 (D.C.Cir.2008) (remanding to district court for correction of procedural sentencing error and declining to assess the substantive reasonableness of sentence).
For the foregoing reasons, we vacate appellant’s sentence and remand the case for resentencing consistent with this opinion.