**In re SEALED CASE.**

**Criminal Action No. 04–390 (RWR).**

United States District Court,
District of Columbia.

Dec. 29, 2009.

## *MEMORANDUM ORDER*

RICHARD W. ROBERTS, District Judge.

In 2003, Metropolitan Police Department officers searched an apartment leased by the defendant. He shared it with a co-defendant who had a separate bedroom. (Factual Proffer in Support of Guilty Plea ("Proffer") ¶ 3.) Both men were in the co-defendant's bedroom when the police entered. (Presentence Investigation Report ("PSR") ¶ 6.) Police found in that bedroom closet 35.3 grams of crack cocaine, a white plate bearing the defendant's fingerprints and white rock residue, a loaded Ruger semiautomatic handgun, a digital scale, and $676 in cash. (Proffer ¶ 3.) Police found in the defendant's bedroom a triple-beam scale, 63.25 grams of marijuana, empty ziplock bags, ziplock bags containing green weed-like material, and a loaded semiautomatic Beretta handgun. The defendant was carrying $545 in cash. The defendant knew that the co-defendant used the apartment to manufacture and store crack cocaine and the defendant allowed that to occur. (Proffer ¶ 3; Plea Tr. at 30; Def.'s Suppl. Sent'g Mem., Exh. A at 2.) He also later admitted that he sold marijuana and that the Beretta he kept belonged to yet another cocaine dealer. (Def.'s Suppl. Sent'g Mem., Exh. A at 2–3.)

A grand jury returned an eight-count indictment charging the defendant and the co-defendant together with, among other things, two counts of aiding and abetting each other in the unlawful possession with intent to distribute 5 grams or more of crack cocaine and marijuana. (PSR ¶¶ 1–3.) After entering into a cooperation agreement, the defendant pled guilty to maintaining a crack house and unlawful possession of a firearm by a convicted felon. He acknowledged responsibility for the 35.3 grams of crack and the 63.25 grams of marijuana. (*Id.* ¶ 2.) He also admitted possession of a dangerous weapon in connection with the drug offense. (Plea Agreement ¶ 2.) The government filed a factual proffer detailing many of these facts. The defendant admitted reading and signing the plea agreement and the factual proffer, and admitted that the factual proffer was accurate. (Plea Tr. at 15–18.)

The presentence report calculated the defendant's base offense level under the 2005 United States Sentencing Guidelines provision for one who maintained a drug establishment and participated in the underlying drug offense, U.S.S.G. § 2D1.8(a)(1), rather than the more lenient provision for one who had no participation in the underlying drug offense other than allowing use of the premises, U.S.S.G. § 2D1.8(a)(2). (PSR ¶ 15.) On a form bearing a notice of their obligation to submit any material inaccuracies or disputes in writing to the Probation Office, the defendant and his counsel signed two months before sentencing an acknowledgment that there were no material or factual inaccuracies in the presentence report. (Receipt and Acknowledgment of Presentence Investigation Report, Docket # 29.) The defendant filed no fewer than three sentencing memoranda. Not one raised any challenge to the presentence report's application of § 2D1.8(a)(1), and not one

protested that the defendant did not participate in the underlying drug offense. (Def.'s Mem. in Aid of Sent'g, Docket # 19; Def.'s Suppl. Sent'g Mem., Docket # 21; Def.'s Second Suppl. Sent'g Mem., Docket # 22.) Indeed, the defendant explicitly acknowledged with no protest that the less lenient guideline provision under § 2D1.8(a) applied:

> While [the defendant] pled guilty to maintaining a crackhouse, pursuant to USSG section 2D1.8(a), the pre-*Booker* guidelines range for that offense is determined from the offense level applicable to the underlying controlled substance offense. Since [the defendant] admitted to possessing 35.3 grams of cocaine base, the base offense level is 30; with an adjusted level of 32 once the gun bump is taken into account.

(Def.'s Suppl. Sent'g Mem. at 3 n. 2.) At sentencing, I asked defendant's counsel if she had any challenges to the PSR. (Sent'g Tr. at 2.) She raised no challenge to the application of § 2D1.8 (a)(1). I announced that I accepted the PSR, the defendant spoke saying he "accepted responsibility for what took place[,]" I considered the sentencing factors under 18 U.S.C. § 3553(a), and I sentenced the defendant. (Sent'g Tr. at 4–5, 27, 30–37.)

The defendant appealed the sentence insofar as it was based upon the application of § 2D1.8(a)(1), arguing that I had failed to make factual findings about his participation in the underlying drug offense. In a divided panel opinion, the D.C. Circuit agreed and remanded this case for resentencing. *In re Sealed Case*, 552 F.3d 841 (D.C.Cir.2009). The majority opinion correctly found that I "accepted the PSR[,]" but concluded that I "made no factual findings on [defendant's] participation in the underlying drug offense." *Id.* at 844. It repeats in other places that I made no findings of fact on participation. *See id.* at

842 ("[T]he District Court in this case made no findings on [defendant's] participation in the underlying drug offense."); 845 ("there are no such findings and we can infer none") ("the District Court failed to make *any* finding on appellant's participation or non-participation"); 847 ("The problem here is that the District Court made no findings of fact on participation."); 847–48 ("The District Court's utter silence on the participation question is reason enough to give us pause.... Without explicit findings, we cannot conclude with any certainty that the District Court was aware of the participation requirement in § 2D1.8(a)(1)[.]").

Uncertain about whether I was aware of the participation requirement in § 2D1.8(a)(1), the court of appeals panel majority directed that I determine on the existing record [1] whether the government met its burden of proving by a preponderance of the evidence that the defendant participated in the underlying offense. *Id.* at 848. Addressing those points directly, I was at the time of sentencing aware of not only the participation requirement in § 2D1.8(a)(1),[2] but also all of the factfinding that was required to be made to achieve all of the offense level and criminal history scoring in the sentencing guidelines calculations. In addition, considering the totality of the facts in the existing record, I do find by a preponderance of the evidence that the defendant participated in

the underlying drug offense. I reached the same conclusion at the time of sentencing, and that was in part the import of my announcement that I "accept" the presentence report.

What the parties' appellate briefs (Amended Br. for Appellant, Br. and Addendum for Appellee, Reply Br. for Appellant, *In re Sealed Case*, 552 F.3d 841 (D.C.Cir.2009) (No. 06–3082)) completely overlooked, and the court of appeals majority opinion consequently left utterly unaddressed, was Federal Rule of Criminal Procedure 32(i)(3)(A) [3] which explicitly states that at sentencing, the court "may accept any undisputed portion of the presentence report as a *finding of fact[.]*" *Id.* (emphasis added). The finding in paragraph 15 of the presentence report that the guideline section to apply was the one for a defendant who maintained a drug establishment and participated in the underlying drug offense was wholly undisputed. Under Rule 32(i)(3)(A), I accepted that as a finding of fact as I did all other undisputed portions of the presentence report.

The majority opinion raises the unsettling prospect that district judges at sentencings must now articulate findings on every undisputed fact that affects the sentencing guidelines calculation. The design of Rule 32, governing proceedings at sentencing hearings, allows the parties

1. The existing record includes the facts detailed above, some of which are unmentioned by the court of appeals opinion.

2. My comment at sentencing cited by the majority opinion, *In re Sealed Case*, 552 F.3d at 847, that the defendant did not "use" the pistol in connection with peddling crack does not reflect a conclusion that the defendant did not participate in the underlying crack offense beyond allowing others to store crack in his apartment. "Use" connoted "actively employ," to be distinguished from merely "possess" or "store" in furtherance of the crack

offense. *See Bailey v. United States*, 516 U.S. 137, 143, 149, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Moreover, I made the comment at the end of the hearing (Sent'g Tr. at 33) while assessing the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), not in any discussion of what sentencing guidelines applied, a topic raised at the beginning of the hearing. (Sent'g Tr. at 1–5.)

3. Likewise, the parties' memoranda on remand are silent as to that rule.

and the court to identify and focus in on any information that is not sufficiently reliable for a sentencing court to use in fashioning a sentence and to confirm or dispel it, yet to have the sentencing hearing proceed in an efficient and wieldy fashion. Rules 32(i) and 32(j) are carefully calibrated to assure that all parties have access to the information to be used by the court in fashioning a sentence, Fed.R.Crim.P. 32(i)(1)(A-B), that all parties may air objections to the presentence report, Fed.R.Crim.P. 32(i)(1)(C-D), (2), that the court determine what information from the report it will consider in fashioning a sentence, Fed.R.Crim.P. 32(i)(3), that all parties may otherwise be heard before sentence is imposed, Fed. R.Crim.P. 32(i)(4), and that the defendant is informed of his appeal rights. Fed. R.Crim.P. 32(j). However, district judges reading the majority opinion must now wonder about settled sentencing practices. In a routine drug distribution case, if the court under Rule 32 accepts an undisputed presentence report enhancement because a dangerous weapon was possessed, must the court nevertheless now articulate a factual finding regarding the predicate that the weapon was an instrument capable of inflicting death or serious bodily injury (U.S.S.G. §§ 2D1.1 (b)(1), Comment. n. 3, 1B1.1, Comment. n. 1(D))?[4] If the court under Rule 32 accepts a presentence report that assigns three undisputed criminal history points to a prior conviction, must the court announce explicit factual findings regarding the predicates that the prior sentence of imprisonment was imposed upon adjudication of guilt for conduct not part of the instant offense (U.S.S.G. § 4A1.2(a)(1)), and that the prior sentence was a sentence of incarceration (U.S.S.G. § 4A1.2(b)(1)), and that the prior sentence was for a felony or non-excluded misdemeanor offense (U.S.S.G. § 4A1.2(c)), and that the prior sentence exceeding one year and one month was imposed within 15 years of the defendant's commencement of the instant offense (U.S.S.G. § 4A1.2(e)(1))? If the government carries no burden at sentencing to prove the existence of an undisputed reported prior conviction, *United States v. Price*, 409 F.3d 436, 444–45 (D.C.Cir.2005) (stating that such a burden "is triggered only when the defendant disputes the factual accuracy of the description of prior convictions in the presentence report"), it would seem anomalous to require the court nevertheless to articulate explicit findings supporting the use of the conviction in calculating the guidelines range.[5]

---

**4.** The Second Circuit found waived an appellate challenge to an enhancement's underlying requisite factual predicate even where a defendant challenged at sentencing the application of the enhancement, and cited the language in Rule 32(i)(3)(A) permitting a court to accept as a finding of fact any undisputed portion of a presentence report. *United States v. Jass*, 569 F.3d 47, 66–67 (2009). The defendant here did not even challenge the application of the enhanced base offense level.

**5.** The majority opinion discusses the proposition that under Fed.R.Civ.P. 52(a)(5), a party seeking to question the sufficiency of the evidence in a civil case on appeal need not have made an objection to the district court's factual findings because "factfinding in a bench trial occurs only after a trial judge has reviewed the parties' evidentiary submissions and arguments ... [and] a trial judge almost always has the benefit of the parties' views on the evidence before making findings of fact." *In re Sealed Case*, 552 F.3d at 852. When accepting under Fed.R.Crim.P. 32(i)(3)(A) a presentence report as to which the parties affirmatively state there are no material or factual inaccuracies, and containing undisputed facts to which no objections are raised, a sentencing judge will have had a similar prior opportunity to review the evidentiary submissions in the presentence report and the parties' memoranda and arguments. Requiring sentencing judges to enumerate findings on

The prospect raised by the majority opinion would upset the careful procedure the drafters of Rule 32 crafted for conducting thorough but efficient sentencing proceedings, could convert sentencing hearings into untenably complex and prolonged proceedings, and would render wholly nugatory Rule 32(i)(3)(A). District judges would profit greatly from clear guidance from the court of appeals on the import of its opinion. The court of appeals directed that if I find that the government did meet its burden of proving by a preponderance of the evidence that the defendant participated in the underlying offense, the defendant will be free to seek review of my factual findings. *In re Sealed Case,* 552 F.3d at 848. I urge such review and would welcome the needed guidance it could provide.

Because I found at sentencing and find today based upon the existing record that the government has carried its burden, and that the mistaken conclusion that no fact finding had been made earlier provides no basis for imposing any different sentence, it is hereby

ORDERED that the judgment signed on May 3, 2006 be, and hereby is, REINSTATED.

---

every undisputed fact that affects the sentencing guidelines calculation seems as unnecessary as requiring civil litigants to object to a trial court's civil fact findings.