**UNITED STATES of America, Appellee**

**v.**

**Wayne Wilson PANNELL, Appellant.**

**No. 10–3003.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 26, 2011.

Joseph A. Labar, Assistant U.S., U.S. Attorney's Office, Philadelphia, PA, Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Tony Axam, Jr., Neil H. Jaffee, Assistant Federal Public Defender, A.J. Kram-

er, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, GINSBURG,* Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Wayne Wilson Pannell appeals the sentence he received for twice threatening to kidnap and murder an Assistant United States Attorney and her family. Appellant first argues that the district court applied the wrong legal standard when it determined that he did not deserve a reduced sentence because of diminished mental capacity. Appellant alternatively argues that, even assuming the district court applied the correct standard, its finding that he did not suffer from a reduced mental capacity was clearly erroneous. Pannell also argues that the district court clearly erred in finding that any mental impairments he had did not substantially contribute to his crimes. Finally, appellant contends that his sentence of 96 months in prison is unreasonable.

■ United States Sentencing Guideline § 5K2.13 permits a reduction in sentence if the defendant suffered from a "significantly reduced mental capacity" that "contributed substantially to the commission of the offense." The note to § 5K2.13 limits its application to situations where the de-

fendant "has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." Although appellant points us to one phrase in the district court's oral ruling from which one might conceivably infer that it had confused this standard, the district court correctly invoked § 5K2.13's "significantly impaired" standard multiple times, and, without more, we have no basis for supposing that the court misunderstood its sentencing authority. See *United States v. Mouling*, 557 F.3d 658, 668 (D.C.Cir.2009).

■ Equally unpersuasive is appellant's contention that the district court's ultimate finding was clearly erroneous. First, appellant's own expert witness testified that he understood the wrongfulness of his conduct, thereby undermining his diminished capacity claim. See Sent'g Tr. at 152. Second, as the district court noted, appellant's ability to control his conduct appeared not to be significantly impaired as his actions were premeditated, well thought out, and repeated on two consecutive days. See *id.* at 153. Considering this evidence, we cannot say that the district court's finding that appellant did not suffer from a significantly reduced mental capacity was clearly erroneous. See *In re Sealed Case*, 552 F.3d 841, 844–45 (D.C.Cir.2009). For this reason, we need not reach the question whether the district court erred in finding that a reduced mental capacity did not substantially contribute to the commission of his crimes.

Lastly, we see no basis for finding appellant's sentence of 96 months in prison, which is at the lower end of the applicable guideline range, to be unreasonable.

* As of the date the memorandum was filed, Judge Ginsburg had taken senior status.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C. CIR. R. 41.