**UNITED STATES of America, Appellee**

v.

**Cornell M. JONES, Appellant**

**September Term, 2016**

**No. 16–3110**

United States Court of Appeals, District of Columbia Circuit.

FILED ON: MAY 30, 2017

Elizabeth Harper Danello, Elizabeth Trosman, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Bernard Seton Grimm, Kathryn Schellenger, The Law Office of Bernard Grimm, Washington, DC, for Appellant.

Before: Brown and Kavanaugh, Circuit Judges, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This case was considered on the record from the district court and was briefed and fully argued by the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of conviction be affirmed. It is

**FURTHER ORDERED** and **ADJUDGED** that the sentence be vacated and the case be remanded for re-sentencing.

This Court will reverse a conviction after a guilty plea only if there is a reasonable probability of a different outcome "sufficient to undermine confidence in the outcome of the proceeding." *United States v. Baker*, 489 F.3d 366, 374 (D.C. Cir. 2007). Here, even if we were to assume that the district court's comments during Jones's case constituted violations of Rules 11 and 32 of the Federal Rules of Criminal Procedure, any error committed by the district court was harmless. Nothing in the record indicates that Jones ever intended to enter anything other than a guilty plea for his single tax evasion charge. Moreover, while it is true Jones opted to plead guilty without the benefit of a plea bargain instead of pleading pursuant to his original plea agreement, the record shows that Jones still received the full benefit of that agreement. Not only was Jones ordered to pay the same amount of restitution as originally stated in the plea bargain, but the government has also unequivocally stated on the record that it will not further prosecute either Jones or Michelle Jones for any tax-related offenses committed prior or to the signing of the plea agreement. Additionally, the government advocated for Jones to receive the 36–month sentence contemplated by the plea agreement prior to the district court encouraging the government to recommend a higher sentence based on its denial of credit for acceptance of responsibility. Thus, even in the absence of a plea agreement, the record shows the government's action was consistent with the agreement. Jones has therefore failed to undermine our confidence in the outcome of the proceeding.

Nevertheless, we agree the district court clearly erred in basing its refusal to give Jones credit for acceptance of responsibility under the Sentencing Guidelines on an erroneous factual conclusion. The district court refused to give Jones credit for acceptance of responsibility because his claim to the court that he had no assets was "demonstrably false based on the relevant conduct Mr. Jones admitted to in the statement of offense and [wa]s also inconsistent with actions he's taken to try to pay off his restitution debt to the government." App'x 265. The court's refusal was based in part on its conclusion that Jones was still receiving $24,000 of income per month pursuant to an agreement discussed in his Statement of Offense and that he was trying to hide this fact from the court by stating he had no income. But as explained by both government and defense counsel during Jones's sentencing hearing, Jones had not received any payments by the party discussed in his Statement of Offense since 2015. To overlook evidence offered by both parties regarding

these payments and instead rely on a mistaken belief was clear error. *See In re Sealed Case*, 552 F.3d 841, 845 (D.C. Cir. 2009) (stating factual findings are clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed").

Additionally, Jones's failure to include his domestic partner's interest in her home on a Probation form was not an attempt to hide his assets. The record shows Jones clearly disclosed the existence of the house at issue in his Statement of Offense, so the court was mistaken when it held the omission was deliberate. This conclusion is further supported by Jones's representation to the court that the house was going to be collateralized in order to assist him in paying restitution for his crime. Thus, the district court was incorrect in holding Jones's failure to identify the house on paperwork prepared for Probation amounted to anything other than an inadvertent mistake.

These mistakes increased Jones's offense level from 19 to 22, thereby increasing his Guideline range from 37–46 months to 51–63 months. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Given the significant procedural error of calculating Jones's sentence based upon the wrong Guidelines range, the parties are correct that a remand is warranted here so that Jones may receive credit for acceptance of responsibility. *See Molina–Martinez v. United States*, —— U.S. ——, 136 S.Ct. 1338, 1346, 194 L.Ed.2d 444 (2016) (stating "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome").

Finally, we decline to reassign the case to a new judge. "Reassignment is warranted only in the exceedingly rare circumstance" where the district court clearly displays an inability to render a fair judgment. *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 750–51 (D.C. Cir. 2016). Here, "[w]e see no reason to doubt the district court's ability to render fair judgment" pursuant to this Court's instructions. *Id.* at 751.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.