# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 26, 2007           Decided March 16, 2007

No. 05-3045

UNITED STATES OF AMERICA,
APPELLEE

v.

MANUEL DE JESUS VENTURA, *A/K/A* MARIO
HERNANDEZ-CHACON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00288-01)

*Jonathan S. Zucker*, appointed by the court, argued the cause and filed the briefs for appellant.

*Chrisellen R. Kolb*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, *Lisa H. Schertler*, and *Elizabeth Gabriel*, Assistant U.S. Attorneys.

Before: SENTELLE, HENDERSON and ROGERS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Defendant appeals his sentence for a conviction under federal immigration laws. He pled guilty and was sentenced to 93 months incarceration. At the time he was sentenced, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), was less than two months old. The district court interpreted that case as permitting it to enter a sentence without making a specific finding of the appropriate range under the federal sentencing guidelines. On appeal, defendant advances a number of arguments, including the district court's failure to calculate the applicable guidelines range. In light of *Booker*'s changes to the sentencing regime, we conclude that the district court may have erred, but the ambiguity in the record prevents accurate review. Accordingly, we vacate Ventura's sentence and remand for resentencing.

* * *

Ventura is a citizen of El Salvador with a decade-long history of unlawfully entering this country and committing crimes herein. He entered the country in 1997 and was deported shortly thereafter. He returned for the second time in 1999, was convicted of felony abduction in Virginia in 2001, and was sentenced to 18 months incarceration. While serving that sentence, he was also convicted of illegal reentry after deportation and sentenced to seven months incarceration. Upon completing both sentences, Ventura was again deported. He returned to the United States for the third time in 2003, and was convicted of a number of crimes. On June 17, 2004, while serving a sentence for those convictions, he was charged with the offense that is the subject of this appeal: reentering the United States after having been deported following conviction of the Virginia crime, in violation of 8 U.S.C. § 1326(a) and

(b)(2).  He pled guilty on December 3, 2004.

The district court sentenced Ventura on March 7, 2005.  The primary dispute at Ventura's sentencing hearing was the calculation of the appropriate guidelines range.  In particular, the parties disagreed about whether Ventura's base offense level should be increased by eight or sixteen levels.  A sixteen-point increase was appropriate if the crime of which he was previously convicted – abduction under Virginia law – was a "crime of violence," while an eight-point increase was appropriate if it was only an "aggravated felony."   U.S.S.G. § 2L1.2(b)(1).   The government argued that "the conviction . . . bolstered by the factual proffer" justified the conclusion that the sixteen-point increase was appropriate.  The defendant contended that the actual conduct was "irrelevant" because the district court was limited to a categorical approach in which it should look only to the elements of the offense rather than the underlying facts.  The district court held that *Booker* superseded the categorical approach, permitting it to consider the factual proffer included in the presentence investigation report.   "Indeed, in the aftermath of *Booker*," the court stated, "it would appear that the facts relating to the events that a person was previously convicted of are more than fair game for the Court to consider in determining what is the appropriate sentence."   The court stated several times that, as it understood *Booker*, it was no longer required to make a specific finding as to the appropriate guidelines range.  Rather, it had only to consider each party's arguments.   Announcing the sentence, the district court concluded: "on balance, the better arguments legally – and I'm not making a specific finding – are to treat the conduct that you engaged in as a crime of violence."

Less than two months before Ventura's sentencing, the Supreme Court held, in *Booker*, that sentencing courts could not treat the federal sentencing guidelines as mandatory.  543 U.S.

at 245-46.  Nonetheless, sentencing courts remain obligated to calculate and consider the appropriate guidelines range.  *Id.*; *see also United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005).  In the instant case, the district court expressly eschewed making a specific finding as to the guidelines range applicable to Ventura.  The government argues that we should consider the merits of defendant's arguments because the record implies that the district court concluded that the appropriate guidelines range was that resulting from the sixteen-point increase advocated by the government at sentencing.  We disagree.  The present record is insufficient to permit our review, and we must vacate Ventura's sentence and remand for resentencing.

Were we to infer that the district court did, in fact, make a specific finding, we would be ignoring its express and repeated statements to the contrary.  But neither do we infer, as defendant suggests, that plain errors were made.  It is simply not clear from the record what findings influenced the sentence.  The watershed ruling in *Booker* created a new – and at that time unexplored – sentencing regime that raised numerous questions for sentencing courts.  The district court had to render its sentence without the benefit of subsequent cases clarifying the extent of the changes wrought by *Booker*.  A remand will permit the district court to start on a clean slate.  Upon resentencing, the district court will enter a new sentence based on its consideration of the calculated applicable guidelines range as well as the factors enumerated in 18 U.S.C. § 3553.  We do not intend to imply either that the district court must change the sentence or re-enter it unchanged on remand, only that it should calculate defendant's sentence in accordance with current law.

\* \* \*

We note that the question whether the Virginia statute under which Ventura was previously convicted constitutes a "crime of violence" for sentencing purposes is a vexing one. To answer it, the Virginia statute must be compared with a generic, contemporary definition of kidnapping. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). If the elements of abduction under Virginia law are identical to, or narrower than, those of generic kidnapping, Ventura's conviction is properly considered a crime of violence. Under this categorical approach, the actual conduct underlying the conviction is not typically considered. In limited circumstances, however, the district court may review underlying facts. *Id.* at 602 (noting that the sentencing judge may "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements" of the generic crime); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding that, in the context of guilty pleas, *Taylor*'s exception extends to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information"). The government argues that we should immediately resolve the question whether Ventura's prior conviction was for a "crime of violence" because this is a question of federal law that we review de novo. We conclude that it would be premature to address this issue at the present time. We do not know what sentence the district court will impose on remand, and we do not know whether the new sentence – and the crime of violence issue – will be subsequently appealed to this Court. *Cf. Coumaris*, 399 F.3d at 351 (noting, in light of the Court's remand for resentencing, that reviewing the district court's application of the guidelines would be "premature at best and unnecessary at worst"). We thus conclude that the appropriate course of action is to remand the matter for resentencing based on full consideration of all relevant factors, including questions

of law and issues of fact.

In light of the ambiguity in the district court's decision, we vacate Ventura's sentence and remand for resentencing.

*So ordered.*