# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 22, 2011               Decided July 1, 2011

No. 09-3101

UNITED STATES OF AMERICA,
APPELLEE

v.

MANUEL DE JESUS VENTURA, ALSO KNOWN AS MARIO
HERNANDEZ-CHACON,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00288)

———

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender entered an appearance.

*Michelle Shamblin Stratton*, Attorney, U.S. Department of Justice, argued the cause for

appellee.  With her on the brief were *Ronald C. Machen*, Jr., United States Attorney, and *Roy W. McLeese III* and *Angela G. Schmidt*, Assistant U.S. Attorneys.

Before:  SENTELLE, *Chief Judge*, BROWN and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Appellant Manuel DeJesus Ventura ("Ventura") pleaded guilty to violating 8 U.S.C. § 1326(a), and § 1326(b)(2), which together prohibit the illegal reentry of an alien who has been deported following an aggravated felony conviction.  The district court twice sentenced Ventura.  We reversed both times, remanding each time for resentencing—first, because the district court did not consider Ventura's U.S. Sentencing Guidelines ("Guidelines") range under *United States v. Booker*, 543 U.S. 220 (2005), and second, because the district court incorrectly calculated Ventura's Guidelines range when it did consider it. The district court's most recent resentencing of Ventura resulted in an 84-month sentence, as the court varied upward from Ventura's correctly calculated Guidelines range on the basis of the factors articulated in § 3553(a).  The district court adequately explained its sentencing decision.  We affirm.

I[1]

Ventura, a citizen of El Salvador, first entered the United States in 1997 and was deported within a month. He returned

---

[1] Our previous opinion, *United States v. Ventura*, 565 F.3d 870 (D.C. Cir. 2009) (*Ventura II*), sets out much of the relevant factual and procedural background of this case.  We draw, often verbatim, from that decision in summarizing the background here.

to the United States in 1999 and while here committed the crime that has become the bugaboo of this case. In 2000, the Commonwealth of Virginia charged Ventura with felonious abduction in violation of Va. Code § 18.2-47, which prohibits the unlawful seizure or detention of another person. Ventura pleaded *nolo contendere* and the Virginia court found him "guilty as charged in the indictment," Tr. of Plea Colloquy at 17, *Commonwealth v. Hernandez-Chacon*, No. 98623 (Va. Cir. Ct. Dec. 18, 2000), sentencing him to 18 months in prison. Ventura's run-ins with the law alerted the federal government ("Government") that he had reentered the country; he was removed again.

Ventura soon returned to the country a third time, and to his criminal ways. In 2004, the D.C. Superior Court sentenced Ventura to six years in prison for, among other crimes, armed assault with intent to commit robbery. While Ventura was serving that sentence, the Government realized Ventura was in the country yet again. This time, instead of immediately removing Ventura, the Government charged him with illegally reentering the United States after having been removed following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).[2] Ventura pleaded guilty.

The district court first sentenced Ventura on March 7, 2005. Then, the central dispute at sentencing was the

---

[2] Section 1326(a) provides that "any alien who (1) has been denied admission, excluded, deported, or removed . . . and thereafter (2) enters, attempts to enter, or is at any time found in, the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a). An alien "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such Title, imprisoned not more than 20 years, or both." *Id.* § 1326(b)(2).

calculation of the appropriate sentencing range under the Guidelines. The base offense level for the crime of unlawful reentry is 8. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(a) (2004). The Guidelines direct the court to apply the greatest of several possible increases based on the criminal conviction that preceded the defendant's removal. If the defendant was convicted of an "aggravated felony," the court applies an 8-level increase. *Id*. § 2L1.2(b)(1)(C). Because Ventura pleaded guilty to reentering the country after conviction for an aggravated felony, he did not contest the eight-level increase. But some aggravated felonies are also "crimes of violence," which instead trigger a sixteen-level increase under the Guidelines. *Id*. § 2L1.2(b)(1)(A)(ii). The probation office's presentence investigation report ("PSR") concluded Ventura's Virginia conviction was one such crime. Ventura disputed the PSR's conclusion, arguing his aggravated felony conviction was not a crime of violence.

Reading *United States v. Booker*, 543 U.S. 220 (2005), to alleviate the need to make a specific finding about the applicable Guidelines range, the district court did not resolve this dispute. Instead, the court weighed the various factors set out in 18 U.S.C. § 3553(a) and sentenced Ventura to 93 months in prison—a sentence that would have been within the applicable Guidelines range had the court expressly found Ventura to have been convicted of a crime of violence. Ventura appealed, and we reversed, explaining that under *Booker* "sentencing courts remain obligated to calculate and consider the appropriate guidelines range." *United States v. Ventura*, 481 F.3d 821, 823 (D.C. Cir. 2007) (*Ventura I*). Because the district court had "expressly eschewed making a specific finding as to the guidelines range applicable to Ventura," *id*., we remanded for it to do so.

On remand, the district court concluded the Virginia abduction was a crime of violence and applied a 16-level increase to Ventura's base offense level. The resulting Guidelines range was 77 to 96 months. The court sentenced Ventura to 84 months' imprisonment, to be served consecutive to his six-year D.C. Superior Court sentence. Ventura again appealed, and we again reversed, explaining that Ventura's Virginia's conviction was not a crime of violence under the Guidelines. Because "the district court erred in calculating the advisory sentencing range," we again remanded for resentencing. *Ventura II*, 565 F.3d at 880.

The district court began its third effort at sentencing Ventura by classifying the Virginia abduction as an aggravated felony and calculating his Guidelines range as between 33 and 41 months. The Government sought an above-Guidelines sentence, however, arguing for an upward departure from the sentence as calculated under U.S.S.G. § 2L1.2, because Ventura's offense level "understate[d] the seriousness" of his Virginia abduction conviction. The Government argued in the alternative for a variance in light of Ventura's repeated illegal entries and commission of an aggravated felony each time that he reentered. The district court declined the Government's invitation to depart upward under the Guidelines, instead sentencing Ventura to 84 months' imprisonment—a variance based upon its assessment of the § 3553(a) sentencing factors.

II

On appeal, Ventura contends the district court erred by considering the underlying facts of his Virginia abduction conviction when sentencing him—namely, that the abduction involved the violent sexual assault of a minor. Next, Ventura argues the district court failed to give adequate reasons for

imposing an above-Guidelines sentence, and the sentence imposed was substantively unreasonable. *See* 18 U.S.C. § 3553(c)(2) (requiring a district court to state the reasons for a variance). We address each of these arguments in turn.

A

At sentencing, the district court may make findings of fact under a preponderance-of-the-evidence standard, regardless of whether "a jury has previously acquitted a defendant of the same conduct," or the conduct is "previously untried." *United States v. Bras*, 483 F.3d 103, 108 (D.C. Cir. 2007) (emphasis omitted); *see also Booker*, 543 U.S. at 251 (noting that the Court "held in *United States v. Watts*, that a sentencing judge could rely for sentencing purposes upon a fact that a jury had found unproved (beyond a reasonable doubt)" (citation and alteration omitted)). In so doing, the sentencing court "may accept any undisputed portion of the [PSR] as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). For any disputed portion of the PSR, the sentencing court must either "rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). We review a sentencing court's factual determinations for clear error, "without regard to whether the appellant requested findings, objected to them, or moved to amend the findings before the trial judge." *In re Sealed Case*, 552 F.3d 841, 849 (D.C. Cir. 2009) (Edwards and Silberman, JJ., concurring).[3]

---

[3] The Government argues "plain error" review applies because Ventura did not object to the district court's consideration of the facts underlying Ventura's Virginia conviction. Under either standard, our conclusion is the same.

The district court undeniably relied, in part, on the underlying facts of the Virginia abduction when sentencing Ventura. The court stated:

> [Ventura] has a penchant for returning and not only returning, but committing violent crimes . . . And in that most recent violent crime where he used force to take a minor down an alley, sexually assault her, and only through good fortune she escaped, he demonstrated his willingness to use force against our most vulnerable citizens, our minors . . . [T]here's nobody in a position that I'm aware of to quibble with the minimum factual predicate of that prior offense in Virginia: minor; force; sexual assault, who escaped through dear good fortune on her part and resistance on her part.

Sent'g Tr. at 8. The facts supporting the district court's characterization of the Virginia abduction derived from the PSR, which under Rule 32(i)(3)(A) the court may find as fact unless disputed.

Ventura contends the district court's reliance on his Virginia abduction conviction was in error because he pleaded *nolo contendere*, and therefore did not admit to the underlying facts of the offense. It is unclear whether Ventura contends his *nolo contendere* plea should prevent the district court from finding facts in relation to his Virginia conviction altogether, or whether he contends the district court should not have accepted the PSR's findings of facts given his *nolo contendere* plea. His argument fails however it is construed. If a sentencing court may find facts related to acquitted or untried conduct, *a fortiori* it may find facts charged in an

indictment to which a defendant pleaded *nolo contendere*. *Cf. United States v. Dorcely*, 454 F.3d 366, 372–73 (D.C. Cir. 2006); *Booker*, 543 U.S. at 251; 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") Further, Rule 32(f)(1) allows 14 days for a defendant to "state in writing any objections, including objections to material information" contained in a PSR. Ventura failed to do so, and, consequently, the district court properly accepted the PSR's findings as fact. Fed. R. Crim. P. 32(i)(3)(A). Ventura's *nolo contendere* plea does not constitute a Rule 32 objection. A contrary holding would render Rule 32(f) a mere administrative request.

Ventura suggests two other reasons the district court's consideration of the facts underlying his Virginia conviction was in error. First, at oral argument, Ventura argued "[t]here is no obligation for the defense to dispute facts," because "Ventura had a right to remain silent with respect to any criminal allegations." Oral Arg. Tr. at 5, 6. It is true, under *Mitchell v. United States*, 526 U.S. 314, 327–28 (1999), the defendant maintains a right to remain silent at a sentencing hearing and a sentencing court may not draw an adverse inference from the defendant's silence in finding facts relating to the circumstances and details of a crime, *id.* at 329–30. But *Mitchell* and Rule 32(i)(3)(A) are not inconsistent. Had Ventura disputed the facts contained in his PSR, the district court would have had to "rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). In that event, *Mitchell* would preclude the district court from making an adverse inference from Ventura's failure to testify. But because Ventura did not dispute the PSR, no ruling was necessary and *Mitchell* does not apply.

Finally, Ventura contends *Shepard v. United States*, 544 U.S. 13 (2005), "limits the evidence a court may rely on at sentencing," and a sentencing court cannot "evade *Shepard* . . . by imposing a non-guideline sentence." When we held Ventura's Virginia's conviction was not a crime of violence under the Guidelines, we reasoned that *Shepard* precluded the sentencing court from looking to Ventura's state court plea colloquy—the basis for the PSR's factual description of the abduction—for the purpose of calculating the Guidelines range. *Ventura II*, 565 F.3d at 879. Of course, the oddity of allowing the district court to consider certain evidence when relying upon the § 3553(a) factors, but not when determining the applicable Guidelines range is not lost on us. But *Shepard* is distinguishable for this very reason—it pertains to calculating a Guidelines range, not a variance on the basis of § 3553(a)'s sentencing factors. As the Supreme Court recently reiterated, the Guidelines serve only as "the starting point and the initial benchmark" before considering the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49 (2007). Here, the district court correctly calculated Ventura's Guidelines range, and its subsequent findings of fact about Ventura's Virginia offense were not clearly erroneous.

B

Ventura next argues the district court committed procedural error by failing to give adequate reasons for imposing a sentence outside the Guidelines and that his 84 month sentence is substantively unreasonable. When a sentencing court fashions a sentence outside the Guidelines, it must state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in [the written order of judgment and commitment.]" 18 U.S.C. § 3553(c)(2); *see*

*also United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) ("[T]he farther the judge's sentence departs from the guidelines sentence . . . , the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed."). "Our review for both procedural soundness—including whether the district court considered the necessary factors and adequately explained a deviation from the Guidelines—and the substantive reasonableness of sentences is for abuse of discretion." *United States v. Wilson*, 605 F.3d 985, 1033–34 (D.C. Cir. 2010).

Ventura's arguments are easily dismissed, as each restates Ventura's objections to the district court's consideration of the facts underlying the Virginia abduction. First, Ventura says the district court did not give "substantial consideration to the guidelines and § 3553(a)" because "no evidence demonstrated that the [Virginia] abduction involved violence, or a sexual assault, or a victim who was a minor." But the sentencing hearing transcript refutes Ventura's claim. It shows the district court addressed each of the factors set forth in § 3553(a), with an especially sharp focus on the seriousness of Ventura's offense (§ 3553(a)(2)(A)), the need to protect the public (§ 3553(a)(2)(C)), and the need to promote respect for the law (§ 3553(a)(2)(A)). Sent'g Tr. at 9. Similarly, Ventura argues his sentence is substantively unreasonable because the district court would have (presumably) given a lower sentence absent consideration of the Virginia abduction. But given our conclusion above—the district court's consideration of the facts underlying the Virginia abduction was proper—we need not consider the counterfactual Ventura poses. We must defer to the district court's judgment when it has presented a "reasoned and reasonable decision that the § 3553(a) factors, on the whole,

justified the sentence." *Gall*, 552 U.S. at 59–60.  Because the district court did that here, it did not abuse its discretion.

## III

After its failure to consider the Guidelines when sentencing Ventura, we reversed the district court.  We reversed again after the district court subsequently calculated Ventura's Guidelines range incorrectly.  Sentencing Ventura for a third time, the district court considered the § 3553(a) factors and gave Ventura a sentence 43 months above the upper bound suggested by the Guidelines.  In so doing, the district court considered the nature of Ventura's prior Virginia abduction conviction.  This was not in error because Ventura did not dispute the PSR's description of the offense.  Neither did the district court abuse its discretion by failing to give sufficient reasons for its variance from the Guidelines, nor by fashioning a substantively unreasonable sentence.  The sentence of the district court is

*Affirmed.*