**UNITED STATES of America, Appellee**

v.

**Muhammad Abid HUSSAIN, also known as Abid, Appellant.**

No. 12–3021.

United States Court of Appeals, District of Columbia Circuit.

Oct. 15, 2013.

Stephen Fletcher Rickard, Elizabeth Trosman, Esquire, Anthony Asuncion, John K. Han, Ronald C. Machen, Jr., Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Christopher M. Davis, Mary E. Davis, Davis & Davis, Washington, DC, for Appellant.

Before: ROGERS and TATEL, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

PER CURIAM.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

On April 11, 2012, Appellant Muhammad Abid Hussain was convicted of conspiring to encourage and induce an alien to come to the United States, in violation of 8 U.S.C. § 1324, and he was acquitted of conspiring to provide material aid to a designated foreign terrorist organization.

He filed a timely notice of appeal on April 19, 2012. Hussain argues that the district court erred by denying Hussain's request for an entrapment jury instruction and by imposing an unreasonable sentence. We affirm.

## I

The evidence at trial showed that Hussain, a citizen of Pakistan living in Ecuador, conspired to smuggle terrorists and bombs into the United States in lieu of paying a fee for his own passage to the United States. Unfortunately for Hussain, some of the people with whom he believed he was conspiring—indeed the instigators of the conspiracy—were actually cooperating with U.S. and Ecuadorian authorities. Hussain argues that these circumstances entitled him to an entrapment instruction.

A defendant can establish an entrapment defense by showing that the government's behavior amounted to inducement "such that a law-abiding citizen's will to obey the law could have been overborne." *United States v. Kelly*, 748 F.2d 691, 698 (D.C.Cir.1984). If a defendant shows some evidence of inducement, "the burden then shifts to the prosecution to prove the defendant's predisposition [to commit the crime] beyond a reasonable doubt." *Id.* The latter inquiry is, of course, subjective, inquiring into the particular characteristics of the individual criminal defendant. The former inquiry is objective, inquiring into the behavior of a generic person who is unpredisposed to crime. *Id.*

The district court correctly declined to give an entrapment instruction because Hussain did not present "sufficient evidence from which a reasonable jury could find entrapment." *United States v. Glover*, 153 F.3d 749, 754 (D.C.Cir.1998).

Hussain argues that the district court erred in finding that passage to the United States was a typical reward for human smuggling.[1] But the district court made no such finding. Rather, the district court correctly concluded that "it is the defendant's burden to show inducement, and the defendant has failed to show that passage to the United States was some type of extraordinary reward for the criminal activity involved here." Trial Tr. at 640 (Jan. 27, 2012).

Hussain also argues that the district court erred in refusing to consider evidence of his "unique vulnerability" to inducement. Assuming, *arguendo*, that his personal vulnerabilities were relevant, those vulnerabilities would still not relieve Hussain of his burden of presenting some evidence of inducement, which he failed to do.

## II

Hussain also argues that the district court imposed a substantively unreasonable sentence. He identifies three supposed errors. *First*, Hussain claims that the sentencing court failed to consider "evidence of his very limited involvement" in the conspiracy. At sentencing, Hussain offered some evidence that his involvement was limited, including that he spoke infrequently in the recorded conversations and that other participants were more actively involved in the conspiracy. The district court found, in light of the record evidence, that Hussain understood who and what he had agreed to help smuggle. Based on this finding, the district court concluded that Hussain's agreement to be involved in a serious offense sufficed to warrant a

---

1. While it is true that courts have rejected entrapment claims where the proffered reward was "typical," *see Glover*, 153 F.3d at 754, it does not follow that a typicality alone is necessarily sufficient to overbear the will of a law-abiding citizen.

higher sentence than he argued for, and this was not substantially unreasonable.

*Second,* Hussain claims that the sentencing court failed to consider evidence of his "personal characteristics and hardships." But the court specifically noted that Hussain "comes from poor circumstances, that he has a limited education and limited worldly experience." Sentencing Tr. at 36 (Apr. 9, 2012).

*Third,* Hussain claims that the district court erred in finding that Hussain conspired to smuggle terrorists and bombs into the United States. Although the jury acquitted Hussain of the terrorism charge, there was ample evidence to support a preponderance-of-the-evidence finding that Hussain conspired to smuggle terrorists and bombs. *See United States v. Ventura,* 650 F.3d 746, 749 (D.C.Cir.2011) ("At sentencing, the district court may make findings of fact under a preponderance-of-the-evidence standard, regardless of whether a jury has previously acquitted a defendant of the same conduct, or the conduct is previously untried.") (internal quotations omitted). For example, the record shows: (1) that Hussain discussed the proper price to charge for smuggling suicide jackets, (2) that he participated in discussions in which the people to be smuggled were identified as members of Tehrik–i–Taliban Pakistan, a well known terrorist organization, and (3) that Hussain suggested that the supposed terrorists shave their beards to avoid appearing suspicious. In light of the deference due to the district court in matters of sentencing, *see United States v. Gardellini,* 545 F.3d 1089, 1090 (D.C.Cir. 2008), we have no basis to conclude that Hussain's sentence was substantively unreasonable.

The judgment is affirmed.